IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| DAVID BRACK GATEWOOD, ) <br> Register No. 526922, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TIMOTHY L. PAGE, et al., ) <br> ) <br> Defendants. ) | No. 05-4141-CV-C-NKL |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Plaintiff seeks monetary and injunctive relief, pursuant to 42 U.S.C. § 1983. Named defendants, all of Jefferson City Correctional Center, are Timothy Page, Jarald Patterson, 7-House C.O. Groll, Charles Pendleton, Dwayne G. Heather, Robert Satterwhite, John Lohmeyer, Matthew Grisham, Michael Pyne, Merl E. Williams, Chad Hovis, Timothy L. Page, Edward Rupple, Gene James, 7-House C.O. Moore, and Ramona Wright.

Plaintiff alleges that defendants are allowing him only one 8-oz. milk for breakfast, rather than the two he previously received. Plaintiff alleges that defendants have changed the policy such that inmates are allowed one milk and two coffees with breakfast; whereas previously they were offered two milks and one coffee. Plaintiff alleges he is not in good physical condition and requires the nutrition provided by the additional 8-oz. milk. Plaintiff seeks to have defendants reinstate the previous policy, allowing inmates to have two milks with their breakfast.

Plaintiff has requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915(a). Having reviewed plaintiff's inmate account information, the court will grant him provisional leave to proceed in forma pauperis. However, pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any

portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Although plaintiff is granted provisional leave to proceed in forma pauperis based upon his indigent status, his claims should be dismissed for failure to state a claim on which relief may be granted.

Plaintiff's claims appear to allege violation of the Eighth Amendment protections against cruel and unusual punishment. The Eighth Amendment imposes a duty upon prison officials to ensure that inmates receive adequate food. *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976 (1999). However, the Eighth Amendment is violated only when two requirements are met: (1) the deprivation alleged must be, objectively, "sufficiently serious;" and (2) officials must have been deliberately indifferent to the inmate's health and safety. *Id.* at 1977. To be a sufficiently serious deprivation, the inmate must be deprived of the minimal civilized measure of life's necessities. *Id.* (citing *Rhodes v. Chapman*, 425 U.S. 337, 347 (1981)).

In the instant case, plaintiff's allegations that he is being denied a second 8-oz. milk in the mornings with his breakfast, fail to allege a sufficiently serious claim constituting a violation of his rights under the Eighth Amendment. Allegations that an inmate is receiving only one 8-oz. milk in the mornings with his breakfast, instead of two, fail to allege a deprivation of the minimal civilized measure of life's necessities. If plaintiff believes his physical condition requires the extra nutrients provided by the second 8-oz. milk, he may seek such a prescription from prison medical personnel. The court finds plaintiff's claims fail to allege a constitutional violation, and should be dismissed for failure to state a claim on which relief may be granted.

Plaintiff is warned that if this case is dismissed as recommended, it will count against him for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

IT IS, THEREFORE, ORDERED that plaintiff is granted provisional leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915, on the basis of indigence. It is further

RECOMMENDED that plaintiff's claims be dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief may be granted.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. If additional time is needed, a motion for an extension of time must be filed within twenty days. The motion should state the reasons for the request. *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

As previously stated, the court has granted plaintiff leave to proceed in forma pauperis on a provisional basis. By doing so, the court has foregone collection of the $250.00 filing fee established for civil cases. Plaintiff is now warned that the court will collect the entire $250.00 filing fee if plaintiff files another pleading of any type whatsoever in this case. *See* 28 U.S.C. § 1915(b)(2) (provisions for deducting money from prisoner's account). Under section 1915(b), installment payments are permitted after the assessment and payment of an initial partial filing fee.

Dated this 13th day of June, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge