IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| DAVID BRACK GATEWOOD, ) | | |
| Register No. 526922, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | No. 05-4141-CV-C-NKL | |
| ) | | |
| TIMOTHY L. PAGE, et al., ) | | |
| ) | | |
| Defendants. ) | | |

## ORDER

On June 13, 2005, the United States Magistrate Judge recommended dismissing plaintiff's claims. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

The court has conducted a de novo review of the record, including the exceptions filed by plaintiff on June 23, 2005, and amended complaint, treated as supplemental exceptions, filed on August 8, 2005. The issues raised in plaintiff's exceptions were adequately addressed in the report and recommendation. The court is persuaded that the recommendation of the Magistrate Judge is correct and should be adopted.

Plaintiff's claims challenge the food/diet he received at Jefferson City Correctional Center as being in violation of Eighth Amendment protections against cruel and unusual punishment. The Eighth Amendment imposes a duty upon prison officials to ensure that inmates receive adequate food, *Farmer v. Brennan*, 511 U.S. 825, 832 (1999), and nutrition. *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992). To have a claim on the denial of food, the plaintiff must prove his food was "nutritionally inadequate or prepared in a manner presenting an immediate danger to his health, or that his health suffered as a result of the food." *Id.* at 449.

In the instant case, plaintiff claims he is being denied a second 8-oz. milk in the mornings with his breakfast, and that he is occasionally being served tomatoes as a fruit substitute. Such allegations, if true, do not rise to the level of inadequate food or nutrition, and are, at most, a de minimis deprivation of food. Plaintiff's claims challenging his prison diet fail to allege a

sufficiently serious deprivation of food/nutrition to rise to the level of a constitutional claim. If plaintiff believes his physical condition requires extra nutrients, he may seek such a prescription from prison medical personnel. Plaintiff's claims fail to allege a constitutional violation and are dismissed for failure to state a claim on which relief may be granted.

Inmates who file an appeal with the United States Court of Appeals for the Eighth Circuit are required to pay the full $255.00 appellate filing fee, regardless of the outcome of the appeal. *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997). The filing of a notice of appeal is considered a consent by the inmate to allow prison officials to deduct an initial partial appellate filing fee and later installments from the prisoner's account.

On June 13, 2005, the court granted plaintiff leave to proceed in forma pauperis on a provisional basis, and by doing so, the court determined to forego the collection of the $250.00 filing fee established for civil cases. Plaintiff was warned that the court would collect the entire $250.00 filing fee if he filed another pleading in this case. *See* 28 U.S.C. § 1915(b)(2) (provisions for deducting money from prisoner's account). A review of plaintiff's financial documentation indicates that he is capable of paying an initial partial filing fee of $2.09.

IT IS, THEREFORE, ORDERED that plaintiff's initial partial filing fee is calculated at $2.09 and the Missouri Department of Corrections is directed to deduct from plaintiff's inmate account, and forward to the court, the initial partial filing fee and installment payments, in accord with the provisions of 28 U.S.C. § 1915, until the $250.00 filing fee is paid in full. It is further

ORDERED that plaintiff's claims are dismissed, pursuant to the provisions of 28 U.S.C. § 1915A, for failure to state a claim on which relief may be granted.

/s/

NANETTE K. LAUGHREY
United States District Judge

Dated: September 26, 2005
Jefferson City, Missouri